O/JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Case No.  CV 06-5975 DOC (RNBx)                                Date: September 4, 2008

Title: DEBRA HOLLOWAY, on behalf of herself and those similarly situated v. FULL SPECTRUM LENDING, a Division of COUNTRYWIDE HOME LOANS, INC.

DOCKET ENTRY
    [I hereby certify that this document was served by first class mail or Government messenger service, postage prepaid, to all counsel (or parties) at their respective most recent address of record in this action on this date.]
                                                        Date:_____  Deputy Clerk: _____

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

  Kristee Hopkins                                           Not Present
Courtroom Clerk                                       Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                              NONE PRESENT

PROCEEDING (IN CHAMBERS): GRANTING PLAINTIFF'S MOTION TO DECERTIFY CLASS AND APPROVE SETTLEMENT OF INDIVIDUAL CLAIM

       Before the Court is Plaintiff's Motion to Decertify Class and Approve Settlement of Individual Claim ("Motion").  The Court finds this matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. After reviewing the moving and responding papers, and for the reasons set forth below, the Court GRANTS Plaintiff's Motion.

## I.     BACKGROUND

       Plaintiff Debra Holloway ("Holloway") filed this putative class action, alleging that Defendant Full Spectrum Lending, a division of Countrywide Home Loans, Inc. ("FSL"), violated the Fair Credit Reporting Act ("FCRA").  The FCRA requires anyone who uses credit information to issue a "firm offer of credit" when generating prescreened credit solicitations.  15 U.S.C. § 1681b.

Holloway claims FSL violated the FCRA by collecting credit information from credit reporting agencies to send solicitations that were too vague to have any value. She relied on Seventh Circuit precedent requiring a firm offer of credit have "some value" to the consumer to support her claim. On June 26, 2007, this Court certified the class of "consumers in the State of Florida who received prescreened solicitations for credit from FSL."

Holloway now claims that changed circumstances have called the class certification into question. First, she contends that a recent Seventh Circuit decision has seriously weakened the foundation of her case. Second, she argues that FSL's financial condition has deteriorated, hindering its ability to pay any judgment to the approximately 731,000 class members.

Because of increasing uncertainty, the parties entered into mediation before the Hon. Fern Smith on April 15, 2008. Holloway soon started to believe that settlement on behalf of the entire class would be impractical. As a result, she has tentatively accepted a proposal which will resolve her individual claim for $1,000 and provide $44,000 in attorneys' fees and costs. On June 18, 2008, Holloway filed the instant motion to decertify the class and approve the settlement of her individual claim. None of the class members have been notified of the action. The motion is unopposed by FSL.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 23 provides district courts with broad discretion to determine whether a class should be certified, and to revisit that certification throughout the legal proceedings. *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1176 (9th Cir. 2007). If later evidence disproves the plaintiff's contentions, the court can modify or decertify the class. *See Gen. Tel. Co. of S.W. v. Falcon*, 457 U.S. 147, 160, 102 S. Ct. 2364, 2372 (1982) ("Even after a certification order is entered, the judge remains free to modify it in light of subsequent developments in the litigation.").

A district court's decision to decertify a class is committed to its sound discretion. *See Knight v. Kenai Peninsula Borough Sch. Dist.*, 131 F.3d 807, 816 (9th Cir. 1997). Nevertheless, a court must conduct a "rigorous analysis" into whether the requirements of Rule 23 are met. *Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1233 (9th Cir. 1996). Once a class is certified, the parties can be expected to rely on it, conduct discovery, prepare for trial, and engage in settlement discussions on the assumption that it will not be altered except for good cause. *O'Connor v. Boeing N. Am., Inc.*, 197, F.R.D. 404, 409-10 (C.D. Cal. 2000).

In considering a motion to decertify, a court must reevaluate whether the class continues to meet the requirements of Rule 23. *Id*. at 410. Namely, the court must determine whether: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a).

After finding that these four requirements are met, the court must ensure the case demonstrates either: (1) a risk that separate actions would create incompatible standards of conduct for the defendant or prejudice individual class members not parties to the action; or (2) the defendant has treated the members of the class as a class, making appropriate injunctive or declaratory relief with respect to the class as a whole; or (3) common questions of law or fact predominate over questions affecting individual members and that a class action is a superior method for fairly and efficiently adjudicating the action.  Fed. R. Civ. P. 23(b).

## III.  DISCUSSION

Holloway primarily argues that the legal theory supporting her claim has been weakened by a recent decision in *Murray v. New Cingular Wireless Servs., Inc.*, 523 F.3d 719 (7th Cir. 2008). Generally, a court should not consider the merits of a class claim in determining whether to certify a class; class certification is a procedural question distinct from the merits of the action.  *See Valentino*, 97 F.3d at 1232.  This is based on the reasoning in Rule 23 that class certification should be determined "as soon as practicable after the commencement of an action brought as a class action."  Fed. R. Civ. P. 23(c)(21).

However, this is not an inflexible rule.  Courts can look beyond the pleadings at the substantive claim to determine if the elements of Rule 23 have been met.  *Gen. Tel. Co.*, 457 U.S. at 160; *O'Connor*, 197 F.R.D. at 410; *see also Hanon v. Dataproducts Corp.*, 976 F.2d 497, 509 (9th Cir. 1992) (explaining that the "court certainly may look past the pleadings to determine whether the requirements of Rule 23 have been met").  Courts are free to rely on legal and factual rulings, even though they go to the merits of the case.  *See, e.g., O'Brien v. Sky Chefs, Inc.*, 670 F.2d 864, 869 (9th Cir. 1982) (affirming decertification where plaintiffs failed to present evidence supporting their claims after two and one-half years of discovery) *overruled on other grounds by Antonio v. Wards Cove Packing Co.*, 810 F.2d 1477 (9th Cir. 1987).

Congress enacted the FCRA "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."  15 U.S.C. § 1681(a); *accord Safeco Ins. Co. of Am. v. Burr*, 127 S. Ct. 2201, 2205 (2007).  A company can typically access a consumer's credit information only when the consumer initiates the transaction.  However, under the FCRA, a lender may access and use credit information that is not initiated by the consumer if the transaction consists of a "firm offer of credit."  15 U.S.C. § 1681b(c)(1)(B)(I).  Courts have generally defined "firm offer of credit" in one of two ways.

Under the "strict constructionist" approach, courts have allowed creditors to impose additional criteria not stated in the original offer that customers must meet before credit is extended. The Fifth Circuit has adopted this approach and found that the FCRA permits creditors to make conditional firm offers of credit.  *See Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833,

841(5th Cir. 2004).  Several other courts have followed this approach.  *See, e.g., Putkowski v. Irwin Home Equity Corp.*, 423 F. Supp. 2d 1053 (N.D. Cal. 2006) (declining to read the FCRA to require that mailings must specify the material credit terms to determine if the offer had "value"); *Poehl v. Countrywide Home Loans, Inc.*, 464 F. Supp. 2d 882 (E.D. Mo. 2006) (finding that a mailing that failed to specify the interest rate, repayment period, or loan terms did not violate the FCRA).

In contrast, the Seventh Circuit has required an offer to provide some value in itself and not be a mere solicitation.  *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 726-28.  In *Cole*, the plaintiff received a flyer stating she would receive a Visa or MasterCard as well as up to $19,500 in automotive credit to be used at a specific dealership.  *Id.* at 722.  The defendant selected the plaintiff based on her credit report, but conditioned acceptance of the offer on meeting additional credit requirements.  Though the plaintiff would not be guaranteed a credit card, she would receive, at the very least, a three hundred dollar credit line to purchase a vehicle.  *Id.* at 723.

The court of appeals reasoned that because the amount of credit offered was low and because the credit could only be used at one dealership, the offer may not have had "value."  *Id.* at 728.  The flyer seemed to entice the plaintiff to buy a car rather than make a genuine offer of credit.  Under *Cole*, it is necessary to determine whether mailings are serious "firm offers of credit" or simply a "guise for solicitation."  Courts examine not only whether the offer would have been honored if the consumer met the preselected eligibility criteria, but also what information was provided as to the amount of credit offered, the stated rate of interest, the method of computation, and the length of any repayment period.  *Id.*

Holloway's only chance of success on the merits hinged on this Court's adoption of Seventh Circuits precedent.  Relying on *Cole*, plaintiffs have previously contended that an offer of credit must be valuable to justify use of credit records.  Holloway likewise hoped to argue that FSL's solicitation did not have any value.  However, plaintiffs can no longer prevail on claims that an offer is not firm because it lacks value.  *Murray*, 523 F.3d at 722 ("[Section] 1681b(c)(1)(B)(I) calls for a firm offer of credit but not a *valuable* firm offer of credit.").  The Seventh Circuit reiterated that *Cole* was an attempt to distinguish an offer of merchandise from an offer of credit when they are made jointly and should not be applied to pure offers of credit.  *Id*.  Since the solicitation sent by FSL did not involve merchandise, Holloway's reliance on *Cole* is misplaced.

Additionally, the Eighth Circuit has recently considered the same prescreened mailer at issue in this lawsuit in *Poehl v. Countrywide Home Loans, Inc.*, Nos. 07-2988, 07-3249, 2008 WL 2445966 (8th Cir. June 19, 2008) and affirmed a judgment on the pleadings in favor of the defendant:

> [t]he Seventh Circuit has rejected the application of *Cole* to pure offers of credit concluding that § 1681b(c)(1)(B)(I) does not require that the firm offer of credit be "valuable" but rather that it be "firm" . . . .  Because the mailers at

> issue in these appeals meet the statutory definition of firm offer of credit, neither district court erred in their ultimate conclusion that judgment on the pleadings was warranted in favor of the defendants.

*Poehl*, Nos. 07-2988, 07-3249, 2008 WL 2445966 at *5-6. Based on the ruling in *Murray* and *Poehl*, it is highly unlikely that Plaintiff will prevail on the merits. As such, Holloway will probably not be able to fairly and adequately protect the interests of the class. Holloway's Motion to Decertify the Class and Approve Settlement of Individual Claim is hereby granted.[1]

## IV.  DISPOSITION

For the above mentioned reasons, Plaintiff's Motion is GRANTED. The class of "consumers in the State of Florida who received prescreened solicitations for credit from FSL" is decertified and Holloways individual settlement and award of attorneys' fees and costs is approved.

The Clerk shall serve this minute order on all parties to the action.

---

[1] Plaintiff's argument that FSL's is unable to pay a judgment to the estimated 731,000 class members has no legal bearing on the decision to decertify. Class action litigation often necessitates some compromise of the maximum potential award to an unnamed plaintiff. However, class members generally receive small awards because of the nature of class action litigation and not because of the defendants inability to pay. Courts usually consider the sufficiency of damage awards only when statutory limitations make class action litigation inefficient. *See, e.g., Leyse v. Corporate Collection Servs., Inc.*, No. 03 Civ. 8491 (DAB), 2006 WL 2708451 at *9 (S.D.N.Y. Sept. 18, 2006) (finding that a statutory limit of $5,600 distributed among class members was not superior to individual litigation). In this action, each plaintiff is entitled to damages between $100 and $1000 for each violation. 15 U.S.C. § 1681n. Whether the action is pursued as a class action or individually, the potential recovery is the same.